IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Plaintiff <br><br> V. <br><br> JUAN CARLOS MARCIALES CUBILLOS [1] <br><br> Defendant | Criminal No. 06-261 (DRD) |

## SENTENCING MEMORANDUM
## ON BEHALF OF JUAN CARLOS MARCIALES CUBILLOS

JUAN CARLOS MARCIALES CUBILLOS, by his attorney, submits the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**I-DATE OF ARREST, PAGE 2 AND PARAGRAPH 4[1]**

It should be clarified that Mr. Marciales was detained by Colombian law enforcement agents on October 6, 2006 at the request of the United States Government. He was formally transferred for extradition by Colombia to the United States Government on June 5, 2007 and brought before a Magistrate-Judge in this District on September 17, 2007. All of these months defendant was detained in

---

[1] Other changes were requested by letter to U. S. Probation Officer Eddebbie Cofresi and the PSI was amended. Counsel forgot to include this request in our prior letter.

Colombia was because of the offenses committed and charged in this indictment and pursuant to an arrest warrant issued by the United States Government.

18 U.S.C, § 3585(b)(1) and (2) provides:

**Calculation of a term of imprisonment**

**(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

**(1)** as a result of the offense for which the sentence was imposed; or

**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Defendant Marciales has a right to full credit for all the time he was detained, since October 6, 2007, by the Colombian authorities. His arrest was on request of the United States, for the conduct charged in the indictemnt and this time period has not nor will it be credited against any other sentence. *United States v. Hughes*, 347 F. Supp.2d 821, 825 (C.D. California 2004).

**II- DETERMINATION OF SENTENCE**

Section 3553 of Title 18 United States Code, Imposition of a sentence, governs the procedure to be followed in imposing a sentence. In determining the appropriate sentence for Mr. Marciales, the Court also **"shall"** consider seven factors enumerated in §3553:

(1) the nature and circumstances of the offense and the history and

characteristics of the defendant;

(2)  the need for the sentence imposed . . .;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for— (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Guidelines];

(5)  any pertinent policy statement . . .;

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a). After considering these factors, the Court should impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).[2]

Pursuant to the Supreme Court's decision in *United States v. Booker*, 543

---

2-The stated purposes are: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

U.S. 220 (2005) the Sentencing Guidelines are advisory, not mandatory. Although courts must continue to consult the guidelines and consider them when sentencing, *Booker*, 543 U.S. at 767, "Booker's remedial solution makes it possible for courts to impose non-guideline sentences that override the guidelines, subject only to the requirement of reasonableness." *See United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006). Thus, the Court should give the guidelines substantial, but not controlling weight, and should consider "clearly identified and persuasive reasons" to depart from a guideline sentence. *Id*. (citation omitted). As recommended by the First Circuit, the Court should follow a "sequential determination of the guideline range, including any proposed departures, followed by the further determination whether other factors identified by either side warrant an ultimate sentence above or below the guideline range." *Id*. at 518-19.

In this case the total offense level is 22 with a guideline range of 41 to 51 months. The parties agreed to recommend to the Court a sentence of 40 months. This recommendation is based on the parties' analysis of all the factors in Section 3553 as applied to this defendant, including his immigration status, the time he will have to wait in prison for deportation after he finalizes his sentence and the unavailability of programs at the BOP for non-citizen prisoners.

WHEREFORE we respectfully request the Court to follow the plea

agreement and sentence defendant to a term of imprisonment of forty months with all applicable credit for prior detention.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this February 24, 2009.

**CERTIFICATE OF SERVICE:** I hereby certify that on this date, February 24, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: AUSA, Mr. Timothy R. Henwood (timothy.henwood@usdoj.gov) and to all attorneys of record.

*s/Juan R. Acevedo Cruz*
**JUAN R. ACEVEDO-CRUZ** (120701)
*ATTORNEY FOR DEFENDANT*
*JUA*N C. MARCIALES-CUBILLOS
SUITE 501-A
BANCO COOPERATIVO PLAZA
623 AVE. PONCE DE LEON
SAN JUAN PR 00917
TEL. (787) 751-2341
FAX. (787) 751-2795
Email: jracevedo@coqui.net
LEAD ATTORNEY
TO BE NOTIFIED